UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **Davinci Financial Designs, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **Davinci Wealth Advisory Services, LLC** | ) | **(Jury Trial Demanded)** |
| **and Darren Vilardo, Sr.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Davinci Financial Designs, LLC ("Plaintiff"), complaining of Davinci Wealth Advisory Services, LLC ("Davinci Wealth") and Darren Vilardo, Sr. ("Vilardo") (collectively, the "Defendants"), alleges the following:

### THE PARTIES

1. Plaintiff is a South Carolina limited liability company having an address of 5301 N Trenholm Rd, Columbia, SC 29206.

2. Davinci Wealth is an Arkansas limited liability company having an address of 213 W. Monroe Avenue, Suite F, Lowell, AR. 72745.

3. Vilardo is the owner of and serves as the incorporator and manager of Davinci Wealth and is believed to reside in Benton County, Arkansas.

4. In his position as the owner, incorporator and/or manager of Davinci Wealth, Vilardo directs and controls the activities of Davinci Wealth.

## JURISDICTION

5. This action arises under the Lanham Act pursuant to 15 U.S.C. §§ 1051 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338.

6. The state and common law causes of action are properly before this Court pursuant to 28 U.S.C. §§ 1338(b) and 1367.

7. Venue is proper under 28 U.S.C. § 1391(b), as both of the Defendants reside in this District and Division; and a substantia portion of the acts committed by Defendants that serve as the grounds for this complaint occurred within this District and Division.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff is the owner U.S. Trademark Registration No. 4680594 for the mark DAVINCI FINANCIAL DESIGNS (the "Mark") in association with financial planning, investment advisory services, wealth management, insurance planning and consultation as well as business succession planning (the "Services").

9. A true and correct copy of Plaintiff's registration for the Mark is attached as Exhibit A.

10. Plaintiff uses the Mark to provide and market its Services in many market areas throughout the country, including within the state of Arkansas.

11. Plaintiff has used its Mark in association with its Services since at least as early as 2012.

12. On or about October 2, 2013, Plaintiff filed a trademark application with the U.S. Trademark Office seeking registration of the Mark in association with the Services (the "Application").

13. On or about November 18, 2014, Plaintiff's Application was published in the Official Gazette, thus placing the general public on notice that Plaintiff's Application would mature into a U.S. trademark registration.

14. Plaintiff's Application matured into a U.S. trademark registration on or about February 3, 2015.

15. In addition to using the Mark, Plaintiff uses the mark DAVINCI to provide its Services.

16. Through its use of the Mark and variations thereof, customers commonly refer to Plaintiff both by DAVINCI as well as DAVINCI FINANCIAL DESIGNS.

17. Plaintiff is registered with the SEC and FINRA to provide its Services in 40 states throughout the U.S., including Arkansas.

18. Plaintiff uses the Mark and variations thereof to provide its Services in Arkansas

19. Plaintiff has customers in Arkansas.

20. Plaintiff is in the process of expanding its business throughout various regions within the U.S., including within the state of Arkansas.

21. One way Plaintiff uses the Mark to provide and advertise its Services is through its website that can be found at the following domain: www.DavinciFinancialDesigns.com.

22. Through Plaintiff's use of the Mark, consumers have come to recognize the Mark as indicating Plaintiff as the source of its goods and services, including customers and potential customers located in Arkansas.

23. Through Plaintiff's use of the Mark, Plaintiff has developed substantial common law rights to the Mark.

24. Through its registration of the Mark, Plaintiff has developed statutory rights to the Mark.

25. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth is using the mark DAVINCI WEALTH (the "Infringing Mark") to advertise and provide the same types of services that Plaintiff provides.

26. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth uses the Infringing Mark in the manner shown below.

   a. 

27. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth is using the Infringing Mark to advertise and provide services that are identical to those provided by Plaintiff in association with the Mark.

28. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth uses the Infringing Mark to advertise its services in the same market areas in which Plaintiff provides its Services.

29. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth uses the Infringing Mark to target the same or similar customers as those targeted by Plaintiff.

30. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth is using the Infringing Mark to advertise its services to the same customers to whom Plaintiff markets and provides its Services.

31. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth uses similar channels of trade and facilities to provide and advertise its services that are used by Plaintiff.

32. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth uses the Infringing Mark in both digital and printed advertising.

33. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth uses the Infringing Mark on websites associated with the domain www.davinciwealth.com

34. Through the actions of and pursuant to the directions of Vilardo, Davinci Wealth uses the Infringing Mark on signage located at its place of business.

35. Plaintiff also uses its Mark on both digital and print advertising and on signage located at Plaintiff's locations where its Services are provided.

36. Vilardo has the ability to control the activities of Davinci Wealth.

37. Vilardo exercises control over the activities of Davinci Wealth.

38. Vilardo was involved in the decision to adopt the Infringing Mark.

39. Vilardo directed Davinci Wealth to use the Infringing Mark to advertise, market and provide its services.

40. On or about June 3, 2024, Plaintiff sent a demand letter to Davinci Wealth that was addressed to Vilardo, which informed Vilardo of Plaintiff's registration and use of the Mark in association with Plaintiff's Services and requested that Davinci Wealth cease using the Infringing Mark.

41. Vilardo directed Davinci Wealth to refuse Plaintiff's request and to continue using the Infringing Mark to advertise, market and provide its services.

42. Vilardo individually and personally participated in or directed Davinci Wealth to infringe Plaintiff's rights in the Mark and willfully and intentionally used Davinci Wealth to carry out the infringement alleged herein.

43. Vilardo was and is an active and conscious force behind the infringement of the Mark.

44. The Infringing Mark and Plaintiff's Mark are confusingly similar to one another.

45. The dominant portion of both Plaintiff's Mark and the Infringing Mark is DAVINCI, especially when considering the manner in which the parties use their respective marks.

46. Plaintiff's first use of the Mark predates Davinci Wealth's use of the Infringing Mark or any other mark that is confusingly similar to Plaintiff's Mark.

47. The filing date for Plaintiff's Application predates Davinci Wealth's use of the Infringing Mark or any other mark that is confusingly similar to Plaintiff's Mark.

48. The registration date of Plaintiff's Registration for the Mark predates Davinci Wealth's use of the Infringing Mark or any other mark that is confusingly similar to Plaintiff's Mark.

49. Plaintiff's rights to the Mark are superior to any rights that Defendants may claim in the Infringing Mark or any other mark that is confusingly similar to Plaintiff's Mark.

50. Plaintiff previously contacted Defendants regarding their use of the Infringing Mark and demanded that such immediately cease.

51. Defendants' use of the Infringing Mark has not ceased.

## FIRST CAUSE OF ACTION
### Infringement Of A Registered Mark
### (15 U.S.C. §1114)

52. To the extent not inconsistent with the below allegations, Plaintiffs reallege the allegations contained in the above paragraphs as if fully repeated herein.

53. Plaintiff is the owner of valid and enforceable statutory trademark rights to the Mark.

54. Plaintiff is using its Mark in the same geographic areas as Defendants' use of the Infringing Mark.

55. Plaintiff is using its Mark to provide the same or similar services as Defendants provide under the Infringing Mark.

56. Plaintiff provides its services to the same or similar customers as those of the Defendants.

57. Defendants are falsely designating the source of their services as though they originated from or are affiliated with Plaintiff.

58. Davinci Wealth is in competition with Plaintiff.

59. Defendants' unauthorized use of the Infringing Mark is likely to cause consumer confusion as to the source of Davinci Wealth's services.

60. Defendants' use of the Infringing Mark constitutes infringement of a federally registered mark in violation of 15 U.S.C §1114.

61. Defendants' use of the Infringing Mark or a confusingly similar variation of Plaintiff's Mark, is taking Plaintiff's reputation out of its control.

62. Customers who have a bad experience with Davinci Wealth are likely to attribute that negative experience with Plaintiff.

63. Any citations that Davinci Wealth receives for infractions of the applicable laws and regulations governing the financial industry are likely to be mistakenly attributed to Plaintiff.

64. Plaintiff has no adequate remedy at law concerning the confusion created by Defendants' use of the Infringing Mark or confusingly similar variations of Plaintiff's Mark.

65. Plaintiff is entitled to an injunction to prevent Defendants from using the Infringing Mark or any other mark that is confusingly similar to Plaintiff's Mark.

66. Defendants' decision to continue using the Infringing Mark after receiving Plaintiff's demand letter was intentional and was made with knowledge of Plaintiff's rights.

67. Defendants' use of the Infringing Mark is causing and/or may cause Plaintiff to lose sales due to the consumer confusion being caused.

68. Defendants' use of the Infringing Mark is damaging Plaintiff's efforts to expand its use of Mark by decreasing both the interest by potential business partners and/or agents that are considering joining and/or merging with Plaintiff and thus providing Services under the Mark.

69. Plaintiff is entitled to damages which include, but are not limited to, the profits of Davinci Wealth while using the Infringing Mark, lost sales, lost business opportunities, costs of the action, and other damages as may be determined at trial.

70. This is an exceptional case entitling Plaintiff to treble damages and attorney fees.

## SECOND CAUSE OF ACTION
### False Designation of Origin and Unfair Competition
### (15 U.S.C. §1125(a))

71. To the extent not inconsistent with the below allegations, Plaintiffs reallege the allegations contained in the above paragraphs as if fully repeated herein.

72. Plaintiff is using both the Mark as well as the tradename DAVINCI to provide its Services.

73. As a result of its use of DAVINCI and/or the Mark, customers have come to refer to and recognize Plaintiff as Davinci.

74. Plaintiff is the owner of valid and enforceable common law rights in both DAVINCI and the Mark for use in association with the Services.

75. Defendants have committed false designation of origin and unfair competition.

76. Defendants' use of the Infringing Mark or any other confusingly similar variation of the Mark is likely to cause consumer confusion.

77. Plaintiff is entitled to an injunction preventing Defendants' use of the Infringing Mark or any other mark that is confusingly similar to DAVINCI and/or the Mark.

78. Plaintiff is entitled to damages which include, but are not limited to, the profits of Davinci Wealth while using the Infringing Mark, lost sales, lost business opportunities, costs of the action, and other damages as may be determined at trial.

79. This is an exceptional case of willful infringement.

**WHEREFORE**, Plaintiff hereby requests a jury determination of the issues raised and prays that this Court and/or the trier of fact award the following relief:

A. A determination that Defendants' actions constitute infringement of a federally registered trademark;

B. A determination that Defendants' actions constitute false advertising and unfair competition;

C. A determination that Defendants' actions violate 15 U.S.C. §1125(a) and 15 U.S.C. § 1114;

D. A determination that Defendants' acts were committed willfully;

E. A determination that this is an exceptional case as defined by 15 U.S.C. §1117;

F. A temporary and permanent injunction against Defendants to enjoin Defendants and their officers, agents, licensees, and franchisee managers and directors from financial planning, financial investment and/or financial consulting services in association with any trademark that is confusingly similar to DAVINCI FINANCIAL DESIGNS and/or DAVINCI;

G. An award of damages, including Davinci Wealth's profits, Plaintiff's lost sales, the costs of the action and attorneys' fees pursuant to 15 U.S.C. § 1117, the amount of which is to be determined at trial;

H. An award of damages suffered by Plaintiff, the amount of which is to be determined at trial;

I. A determination that Vilardo is personally, jointly and severally liable to Plaintiff for any and all damages; and,

J. For such other relief as this Court deems just and proper.

Date: June 20, 2024

        Respectfully submitted,

        Devin R. Bates, ABA 2016184
        MITCHELL, WILLIAMS, SELIG,
        GATES & WOODYARD, P.L.L.C.
        425 W. Capitol Avenue, Suite 1800
        Little Rock, Arkansas 72201
        Tel: (501) 688-8800
        Fax: (501) 688-8807
        dbates@mwlaw.com

        *and*

        Hunter S. Freeman (*pro hac vice* forthcoming)
        KIM AND LAHEY LAW FIRM, LLC.
        3620 Pelham Road, PMB 213
        Greenville, SC 29615
        Telephone:  864-973-6688
        hfreeman@kimandlahey.com

        *Attorneys for Plaintiffs*